# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **MARK ANTHONY MCALEER,** | ) | |
| **ID # 38367-177,** | ) | |
| **Movant,** | ) | **No. 3:16-CV-1813-D (BH)** |
| **vs.** | ) | **No. 3:08-CR-0267-D (03)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for find-ings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** as barred by the statute of limitations.

## I.  BACKGROUND

Mark Anthony McAleer ("Movant"), a federal prisoner, challenges his 2009 conspiracy convictions and his 262-month sentence with a 5-year term of supervised release. (*See* doc. 1.)[1] Judgment was entered on August 28, 2009, and he did not appeal. (*See* doc. 465.) His motion under 28 U.S.C. § 2255 was filed on June 20, 2016. (*See* 3:16-CV-1813-D, doc. 1 at 10.) The government responds that the motion is untimely, and Movant has not filed a reply. (*See* 3:16-CV-1813-D, doc. 7 at 10-12.)

## III.  STATUTE OF LIMITATIONS

"[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United*

---

[1]  Unless otherwise indicated, all subsequent document numbers refer to the docket number assigned in the underlying criminal action, 3:08-CR-267-D (03).

*States*, 545 U.S. 353, 356 (2005). It states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). With regard to § 2255(f)(1), Movant's conviction became final on September 11, 2009, when his time to file a direct appeal expired. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that "when a federal prisoner fails to file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of § 2255 upon the expiration of the 10-day period for filing a direct appeal."). Movant does not allege that government action prevented him from filing a § 2255 motion earlier, so § 2255(f)(2) does not apply. The facts supporting his claim arose when he was sentenced, so § 2255(f)(4) does not apply.

**A.**     ***Johnson v. United States***

Movant cites the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B), violates

the Constitution's guarantee of due process because it is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016). This implicates § 2255(f)(3), which provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Here, Movant pleaded guilty to drug and money-laundering conspiracies, not violating the Armed Career Criminal Act. *Johnson* does not apply here, so § 2255(f)(3) also does not apply. *See, e.g.*, *Raybon v. United States*, 867 F.3d 625, 625 (6th Cir. 2017) (holding that the only claims that trigger § 2255(f)(3) under *Johnson* are those that rely on the right that *Johnson* announced); *United States v. Brown*, ___ F.3d, ___, ___, 2017 WL 3585073, at * 4 (4th Cir. 2017) (same); *see also Sierra v. United States*, No. 3:16-CV-1151-G, 2017 WL 3891683 (N.D. Tex. Aug. 15, 2017) ("Because *Johnson* does not apply, moreover, the timeliness of [the movant's] motion cannot be determined under 28 U.S.C. 2255(f)(3)."), *rec. accepted*, 2017 WL 3868391 (N.D. Tex. Sep. 5, 2017).

Because the latest of the dates under § 2255(f) is the date that Movant's conviction became final, September 11, 2009, the one-year statute of limitations began to run from that date. Movant filed his current § 2255 motion on June 20, 2016, at the earliest.[2] It is untimely in the absence of equitable tolling.

## B. Tolling

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional

---

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman*, 184 F.3d at 402 (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, the movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Movant presents no argument or evidence that extraordinary circumstances prevented him from filing his motion to vacate earlier. Although he states that he did not present his claims earlier because he had no knowledge of the law, a lack of legal knowledge is not a proper ground for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (holding that ignorance of the law, a lack of knowledge of filing deadlines, a prisoner's pro se status, and a lack of legal training do not support equitable tolling of AEDPA's statute of limitations). Because

Movant has not met his burden to establish circumstances warranting equitable tolling, his motion to vacate should be denied as untimely.

## II. RECOMMENDATION

Movant's motion to vacate, set aside, or correct sentence should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 13th day of September, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE